Order Entered.

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ANGELINA ROSE TAGLIAFERRI ) | Case No.: 3:19-bk-00435 |
| ) | |
| _____) | |
| ) | |
| Anthony Flora, ) | |
|        Plaintiff, ) | |
| ) | |
| v. ) | AP No.: 3:19-ap-00039 |
| ) | |
| Angelina Rose Tagliaferri, ) | |
|        Defendant. ) | |

## MEMORANDUM OPINION

Pending before the court is a motion for summary judgment regarding the adversary complaint filed by Anthony Flora (the "Plaintiff") against Angelina Rose Tagliaferri (the "Defendant"). The Plaintiff seeks an order finding that his judgment lien against the Defendant is excepted from discharge pursuant to 11 U.S.C. § 523(a)(4). The Defendant argues that the court should deny the Plaintiff's motion for summary judgment, or in the alternative, determine the amount of the Plaintiff's non-dischargeable claim, if any, at a hearing.

For the reasons stated herein, the court will deny the Plaintiff's motion for summary judgment.

### I.    BACKGROUND

The facts of this case are largely undisputed. This proceeding has its origins in the execution of William Flora's Last Will and Testament (the "Will"). On June 17, 2010, William Flora, a resident of New Jersey, executed his Will. He named both Angelina Rose Tagliaferri and Edward Tagliaferri, as co-executors of his Estate (the "Estate"). They were to sell and convert into money the entire Estate, then distribute the assets in accordance with the Will. In the event that one co-executor pre-deceased William Flora or the other co-executor, the remaining co-

1

executor would serve as the sole executor of his Estate. Among his other bequeaths and devises, William Flora granted Angelina Rose Tagliaferri one-third of his Estate. Additionally, he devised the residue and remainder of the Estate to Anthony Flora, his brother, unless Anthony pre-deceased William or died in a common accident.

William Flora subsequently died. On August 31, 2011, Edward Tagliaferri and Angelina Rose Tagliaferri were appointed as co-executors of the Estate, but Edward Tagliaferri predeceased Angelina Rose Tagliaferri. Ms. Tagliaferri thus became the sole Executrix of the Estate. At some point, Mr. Flora became unhappy with Ms. Tagliaferri's administration of the Estate and brought an action in New Jersey seeking to remove Ms. Tagliaferri from her role as Executrix.

On July 28, 2015, the Superior Court of New Jersey Chancery Division – Probate, Part, Hudson County (the "New Jersey Court") ordered the removal of Ms. Tagliaferri as Executrix of the Estate "for cause" (the "July 28 Order"). Notably, the New Jersey Court entered its order in the absence of opposition from Ms. Tagliaferri. Also, it did not clarify what constituted "cause" but merely refenced "N.J.S. 3B:14-21a" in the caption. The July 28 Order concurrently substituted Ms. Tagliaferri as Executrix in favor of Anthony Flora as Administrator – C.T.A.

Importantly, the New Jersey Court further ordered Ms. Tagliaferri or a lawyer on her behalf "within 15 days . . . file with the Court and serve upon counsel for [Mr. Flora] an up-to-date detailed accounting, Certified as true by [Ms. Tagliaferri]," of all dispositions, disbursements, distributions, settlements, and all payments/transfers/expenditures made on behalf of the Estate. This accounting was to include any assets, claims, debts, administrations of the Estate, and claims against the Estate. The July 28 Order further required Ms. Tagliaferri to "deliver to [Mr. Flora] all of the Estate's assets and indicia of Estate debt or obligation still in her possession … inform [him] as to the whereabouts and location of assets . . . and inform [him] of [Ms. Tagliaferri's] current location address and, if different, [her] postal address."

In response to Ms. Tagliaferri's inaction regarding the July 28 Order, Mr. Flora filed another complaint with the New Jersey Court. In this summary action, Mr. Flora sought a judgment against Ms. Tagliaferri for the sums of money alleged to have been defalcated by Ms. Tagliaferri due to her noncompliance with the July 28 Order. On April 27, 2017, Mr. Flora, in his capacity as Administrator of the Estate, received a judgment against Ms. Tagliaferri in the Superior Court of New Jersey, Chancery Division – Probate, Part, Hudson County, Docket Number 303509 (the "April 27 Judgment"). Again, Ms. Tagliaferri did not oppose the action.

2

Specifically, the New Jersey Court found that Ms. Tagliaferri failed to comply with the July 28 Order. She made no filings nor provided any documentation or information as the New Jersey Court previously ordered. The New Jersey Court granted Mr. Flora, in his administrative capacity, a judgment in the amount of $138,840.91. In its brief explanation for the April 27 Judgment, the New Jersey Court stated that Ms. Tagliaferri "failed to obey two prior Orders of this Court to Account for her administration of the Estate whilst Executrix thereof" and that she was "removed as Executrix for cause."

On October 16, 2017, Mr. Flora domesticated and recorded an Abstract of Judgment in the Circuit Court of Morgan County, West Virginia. The clerk filed the Abstract of Judgment in the amount of $138,840.91. This summary statement referenced the date and amount of the April 27 Judgment; however, it contained no evidence concerning the issues that were presented to the New Jersey Court on which the judgment was based. The entire amount of the April 27 Judgment remains unpaid and outstanding by Ms. Tagliaferri.

On May 20, 2019, Ms. Tagliaferri filed her Voluntary Petition for Chapter 7 relief. On July 19, 2019, she filed a motion to avoid Mr. Flora's judgment lien. On August 1, 2019, Mr. Flora, in his individual capacity, filed a response opposing the motion. On September 3, 2019, Mr. Flora, in his individual capacity, filed his Complaint, Objecting to the Debtor's Discharge Pursuant to § 523(a)(4) of the Bankruptcy Code, which opened this adversary proceeding. The court stayed consideration of Ms. Tagliaferri's motion pending the resolution of this proceeding.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute

3

is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw*, 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

### III.    DISCUSSION

In this case, Mr. Flora, seemingly in his individual capacity[1], claims that the $138,840.91 judgment lien is excepted from Ms. Tagliaferri's Chapter 7 discharge pursuant to 11 U.S.C. § 523(a)(4). Specifically, Mr. Flora alleges that the debt is non-dischargeable because: (1) the judgment rendered against Ms. Tagliaferri resulted solely from her actions while serving in a fiduciary capacity as the Executrix of the Estate; and (2) the judgment rendered resulted from Ms. Tagliaferri's defalcation while she served as the Executrix of the Estate. In pleading the elements necessary to except the debt from discharge, Mr. Flora relies upon preclusion doctrines and does not state specific facts independent of the July 28 Order and April 27 Judgment in support of his claim. Mr. Flora claims that no genuine issue of material fact exists, and judgment as a matter of law should be rendered for him.

In opposition, Ms. Tagliaferri claims that the court should deny summary judgment because there is a genuine dispute of material fact, and the Plaintiff is not entitled to judgment as

---

[1] Taking the facts in the light most favorable to the non-moving party, the court will recognize a distinction between Anthony Flora as Administrator – C.T.A., and Anthony Flora in his individual capacity for this summary judgment motion. However, at this time, the court is uncertain as to whether (1) Mr. Flora merely failed to include "Anthony Flora as Administrator – C.T.A." when opening this case, or (2) the distinction is material to this proceeding, if at all.

4

a matter of law.  Ms. Tagliaferri asserts numerous reasons why preclusion doctrines do not apply to support the Plaintiff's claim under § 523(a)(4).

A presumption exists that all debts owed by the debtor are dischargeable unless the party contending otherwise proves non-dischargeability. 11 U.S.C. § 727(b).  Courts should narrowly construe exceptions to discharge against the creditor and in favor of the debtor to preserve the debtor's fresh start. *Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir. 2008) (quoting *Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999)).  The purpose of the fresh start is to protect "honest but unfortunate" debtors. *See Grogan v. Garner*, 498 U.S. 279, 287 (1991).  The burden is on the creditor to prove the exception to discharge by a preponderance of the evidence. *Id*. at 287-88; *In re Strack*, 524 F.3d at 497.

Section 523(a)(4) of the Bankruptcy Code provides that "any debt . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; . . ." is excepted from discharge. 11 U.S.C. § 523(a)(4).  More specifically, to successfully claim that a debt is non-dischargeable under § 523(a)(4), a plaintiff must prove two elements by a preponderance of the evidence: (1) a fiduciary capacity and (2) a debt owed due to a defalcation while acting in that fiduciary capacity. *Timberline Four Seasons Resort, Inc. v. Herlan (In re Herlan),* 2011 Bankr. LEXIS 843 at *7-8 (Bankr. N.D. W.Va. Mar. 18, 2011).  In addition, the Supreme Court observed that defalcation requires *scienter*, "a culpable state of mind requirement akin to that which accompanies application of the other terms in the same statutory phrase" such as fraud, embezzlement, and larceny. *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 269 (2013).

The parties do not dispute the first element, whether Defendant acted in a fiduciary capacity while she acted as the Executrix of the Estate.  The court therefore concludes that there is no genuine dispute of material fact as to the first element of the § 523(a)(4) claim.  The parties only contest the second element, whether the findings in the New Jersey Court's July 28 Order and April 27 Judgment sufficiently establish a defalcation under § 523(a)(4) of the Bankruptcy Code.

The Plaintiff argues that he has established all the necessary elements under § 523(a)(4) through claim and issue preclusion.  The Defendant disagrees, as she claims that the preclusion doctrines do not apply.  Notwithstanding the parties' arguments regarding the preclusion doctrines, the court would be remiss if it did not elaborate on the state of mind element to defalcation.  For the court to enter summary judgment as a matter of law in this case, the Plaintiff must establish the Defendant's state of mind.  To establish her state of mind, the Plaintiff may demonstrate that

the New Jersey Court made a finding or otherwise argue how the requisite state of mind standard has been met. However, neither party sufficiently addressed this issue.

Since Congress included defalcation as an exception to discharge, legal authorities struggled to define the term in the context of § 523(a)(4). *Bullock*, 569 U.S. at 271. In *Republic of Rwanda v. Uwimana (In re Uwimana)*, the Fourth Circuit defined the tort of defalcation as "'the failure to meet an obligation' or 'a nonfraudulent default.'" 274 F.3d 811 (4th Cir. 2001) (citing *Black's Law Dictionary* 427 (7th ed. 1999)). Even a "failure to account [was] sufficient." *In re Uwimana*, 274 F.3d at 811. Other courts have also described defalcation as "a failure to produce funds entrusted to a fiduciary." *Guerra v. Fernandez-Rocha (In re Fernandez-Rocha)*, 451 F.3d 813, 819 (11th Cir. 2006) (citing *Quaif v. Johnson*, 4 F.3d 950, 955 (11th Cir. 1993)).

Notably, the Supreme Court in *Bullock* included a state of mind requirement for defalcation. 569 U.S. at 269-73. In the past, a circuit split created various state of mind requirements. The Fourth Circuit held that the state of mind element to defalcation merely required "an innocent mistake which results in misappropriation or failure to account." *In re Uwimana*, 274 F.3d at 811. Resolving a circuit split in 2013, the Supreme Court articulated that term "defalcation" in § 523(a)(4) includes a heightened culpable state of mind requirement "involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Bullock*, 569 U.S. at 269. According to *Bullock*, "where the conduct at issue does not involve bad faith, moral turpitude, or other immoral conduct, the term [defalcation] requires an intentional wrong." *Id.* at 273. An intentional wrong encompasses conduct which the fiduciary knows is improper, as well as reckless conduct, such as when a fiduciary "consciously disregards (or is willfully blind to) a substantial and unjustifiable risk" that his conduct will result in a breach of fiduciary duty. *Id.* at 273-74.

The Plaintiff failed to demonstrate how the Defendant knowingly, or with gross recklessness, failed to account for the Estate. The Plaintiff mistakenly relies on the outdated *In re Uwimana* standard which merely required negligence or a mistake. Using the standard articulated in *Bullock*, the court cannot grant summary judgment based on the record before it. Specifically, there is no evidentiary basis before this court to conclude that the New Jersey Court found that Ms. Tagliaferri acted with the requisite state of mind to commit an act of defalcation under § 523(a)(4) of the Bankruptcy Code.

In its July 28 Order, the New Jersey Court never articulated what constituted "cause" for removing Ms. Tagliaferri, nor made an explicit finding of her state of mind. Furthermore, although the New Jersey Court referenced N.J. Stat. § 3B:14-21a in the caption of the July 28 Order, the statute does not require that Ms. Tagliaferri knowingly, or with gross recklessness, failed to account for the Estate to remove her for cause. The April 27 Judgment also fails to articulate whether Ms. Tagliaferri acted with the requisite state of mind.

Therefore, the court is unable to make any determination regarding Defendant's state of mind leading up to the April 27 Judgment. Specifically, the court cannot determine whether the Defendant acted with knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior by a preponderance of the evidence. This question of fact and any questions of credibility may be best determined at trial, rather than at the summary judgment stage. *See Anderson*, 477 U.S. at 255. Accordingly, the court concludes that the Plaintiff failed to show that there is no genuine dispute of material fact as to the second element of his § 523(a)(4) claim, or that he is entitled to judgment as a matter of law.

## IV.    CONCLUSION

Despite Mr. Flora's request that the court declare the debt of $138,840.91 non-dischargeable based on the preclusive effect of the prior state court judgment, the court is unable to ascertain Ms. Tagliaferri's state of mind. There is no evidence that the New Jersey Court made a finding regarding her state of mind, nor any argument as to how the requisite state of mind standard has been met. Based upon the foregoing discussion, the court declines to find that the judgment against the Debtor is non-dischargeable under § 523(a)(4) of the Bankruptcy Code. Pursuant to Fed. R. Civ. P. 58, made applicable here by Fed. R. Bankr. P. 7058, the court will enter a separate order denying the Plaintiff's motion for summary judgment.